UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| and STATE OF INDIANA, *ex rel.* | ) | |
| OMAR TOUTOUNGI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CV-353 |
| | ) | |
| ANTHONY MEDICAL ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | FILED UNDER SEAL |

## REPORT AND RECOMMENDATION

*Pro se* Relator Omar Toutoungi brought this *qui tam* action against his former employer Anthony Medical Associates, P.C., alleging multiple False Claims Act violations as well as several personal claims for wrongful discharge, both of which he was pursuing under federal and state law. (Docket # 1.) Due to Toutoungi's disregard for this Court's orders and apparent disinterest in pursuing this case, and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), the undersigned Magistrate Judge recommends that this case be DISMISSED as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute. This Report and Recommendation is based on the following facts and principles of law.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Toutoungi, who was represented by counsel at the time, filed this action on December 16, 2013. (Docket # 1.) On May 19, 2014, Toutoungi's counsel filed a motion to withdraw. (Docket # 9.) The Court took the motion under advisement and set it for a hearing on June 3, 2014, instructing Toutoungi and his counsel to be present in person. (Docket # 10.)

Toutoungi, however, failed to appear at the June 3rd sealed hearing, and the hearing proceeded with his counsel present in person and counsel for the Government present telephonically. (Docket # 11.) The next day, the Court granted the motion to withdraw, and in so doing, advised Toutoungi that he should undertake immediate efforts to secure successor counsel if he desired to be represented by an attorney, and that the Court now deemed him to be representing himself in regard to his personal claims. (Docket # 12.) The Court then set the matter for a further scheduling conference on June 24, 2014, instructing Toutoungi to be present in person and advising him that if he failed to appear, sanctions could be imposed under Federal Rule of Civil Procedure 16(f)(1)(A), including dismissal of his case. (Docket # 12.)

Despite this warning, Toutoungi failed to appear at the June 24, 2014, scheduling conference. (Docket # 13.) At the scheduling conference, counsel for the Government indicated that the Government would not be pursuing this action, and had no objection to the case being dismissed without prejudice. (Docket # 13.)

Two days after the hearing, the Court issued a show cause Order to Toutoungi, providing him a final opportunity to explain why sanctions should not be imposed under Rule 16(f)(1)(A). (Docket # 14.) He was warned that if he failed to file a response by July 8, 2014, the undersigned Magistrate Judge would recommend dismissal of his case for failure to prosecute and as a sanction for his failure to appear. (Docket # 14.) The July 8th deadline has now come and gone, and Toutoungi has not filed a response.

## II. DISCUSSION

Rule 16(f) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a

scheduling or other pretrial conference . . . ." Fed. R. Civ. P. 16(f)(1).  Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction.  The "ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Aside from sanctions, a district court also has authority under Rule 41(b) to *sua sponte* dismiss a case for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see* Fed. R. Civ. P. 41(b).  Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

Here, despite this Court's Orders requiring his presence, Toutoungi failed to appear at two hearings–the June 3rd hearing on the motion to withdraw and the June 24th scheduling conference–and never offered any explanation for any of his absences, suggesting at least fault, if not some wilfulness, and resulting in a clear record of delay.  Furthermore, a court may infer a lack of prosecutorial intent from, among other factors, the failure to appear at a scheduling hearing. *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993).

Additionally, Toutoungi's failure to appear at the scheduling conference, by itself, is sanctionable under Rule 16(f)(1)(A) with dismissal, a sanction that the Court explicitly warned him could be imposed in the order setting the conference.  After he failed to appear, the Court gave Toutoungi yet another opportunity to show cause for his failure to appear, affirmatively stating that it would recommend dismissal if he did not file a response to the June 26th Order;

3

yet, Toutoungi did not file a response by the July 8th deadline.

As such, the Court not only warned Toutoungi of the possibility of dismissal twice, but also gave him the chance to show cause–an opportunity he apparently declined to take–all of which suggests that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367-MJR, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

Accordingly, in the interests of judicial economy, and given Toutoungi's repeated failure to comply with the Court's orders and apparent disinterest in pursuing his claims, dismissal of this case as both a sanction and for failure to prosecute is appropriate.

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the case be unsealed, that Toutoungi's personal claims be DISMISSED <u>with</u> prejudice, and that the Government's claims be DISMISSED <u>without</u> prejudice.

The Clerk is directed to send a copy of this Report and Recommendation to Toutoungi at his last known address, 8320 Bridgeway, Ste. 3B, Fort Wayne, IN 46816, and to counsel for the Government. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE

OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Entered this 14th day of July 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge